UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONGREGATION B'NAI JACOB OF KERN COUNTY,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, S.I.,<br><br>Defendant. | No. 1:22-cv-00386-ADA-BAK<br><br>ORDER FOR PLAINTIFF TO OBTAIN COUNSEL<br><br>**THIRTY (30) DAY DEADLINE** |

On or about September 24, 2021, Plaintiff Congregation of B'nai Jacob of Kern County ("Plaintiff") filed a complaint in the Superior Court of the State of California, County of Kern, Metropolitan Division. (ECF No. 1-1 at 2.) In the complaint, Plaintiff asserts two causes of action: "Breach of Written Contract" and "Tortious Breach of Contract." (*Id.* at 6-7.) Plaintiff seeks damages that will exceed $100,000.00. (ECF No. 1-3 at 3.)

Defendant Church Mutual Insurance Company, S.I. ("Defendant") received a copy of Plaintiff's complaint on or about February 17, 2022. (ECF No. 1 at 2.) Based on 28 U.S.C. §§ 1441(b) and 1332(a), Defendant removed the action to this Court on April 1, 2022. (ECF No. 1 at 1.) Plaintiff received notice of removal on April 4, 2022. (ECF No. 5 at 1.) On September 8, 2022, Defendant filed a status report. (ECF No. 8.)

///

1

Defendant's status report advises the Court that Plaintiff's counsel, Ray Thomas Mullen is deceased. (ECF No. 8 at 1.) The State Bar of California's website also lists Mr. Mullen as deceased. (*Id.* at 1.) Defendant goes on to state, "[m]y client was contacted by a representative of the plaintiff and was advised that they wish to dismiss this case. I have not been contacted by any attorney claiming to represent plaintiff and I have had no contact directly with the plaintiff." (*Id.*)

Plaintiff is a domestic nonprofit entity. (ECF No. 1-4 at 2.) According to Local Rule 183 and Federal Rule of Civil Procedure 83, a corporation or other entity may appear only by an attorney. *Reading Intern., Inc. v. Malulani Group, Ltd.*, 814 F.3d 1046, 1053 (9th Cir. 2016) ("A corporation must be represented by counsel."). Therefore, Plaintiff must obtain counsel to proceed in the action.

Plaintiff requires counsel even if only to dismiss the action. Once Plaintiff obtains counsel, it may move for dismissal under Federal Rule of Civil Procedure 41(a)(1)(A). According to Rule 41(a)(1)(A), a party may voluntarily dismiss an action by either, "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).

If Plaintiff does not wish to dismiss the case, Plaintiff's counsel must file a notice of appearance pursuant to Local Rule 182(a) to notify the Court and Defendant that Plaintiff seeks to continue prosecuting this case. Plaintiff must file this notice within thirty (30) days following the date of service of this order. Otherwise, the Court will dismiss the case, without prejudice, for Plaintiff's failure to prosecute. *See Cooper v. Marylind Found.*, 25 Fed. Appx. 596, 597 (9th Cir. 2001).

Accordingly,

1. Within **thirty (30) days** following the date of service of this order, Plaintiff shall obtain counsel and Plaintiff's counsel shall file either a stipulation to dismiss under Rule 41(a)(1)(A) or notice of appearance pursuant to Local Rule 182(a)(1). If Plaintiff fails to obtain counsel, Plaintiff shall file a request for an extension of time to obtain counsel with the Clerk of the Court:

    The Clerk of the Court

        2500 Tulare Street,

        Fresno, CA 93721

2. The Clerk of the Court is directed to mail Plaintiff a copy of this order at the address found on the California Secretary of State website:

        ATTN: Howard Silver

        Congregation B'nai Jacob of Kern County

        600 17th Street,

        Bakersfield, CA 93301-4921

3. If Plaintiff fails to comply with this order within **thirty (30) days**, the Court will dismiss the case, without prejudice, due to Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated:   October 3, 2022

UNITED STATES DISTRICT JUDGE

3